# ORIGINAL

# In the United States Court of Federal Claims

No. 15-1558T

(Filed: October 21, 2016)

**FILED**

OCT 2 1 2016

U.S. COURT OF
FEDERAL CLAIMS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

JAMES D. SULLIVAN,

               Plaintiff,

v.

THE UNITED STATES,

               Defendant.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Tax Refund Claim; Subject Matter Jurisdiction; Failure to Pay Taxes or Submit Administrative Claim to IRS; Injunctive Relief.

*James D. Sullivan,* Atkinson, North Carolina, *pro se* Plaintiff.

*Jason S. Selmont,* with whom were *Caroline D. Ciraolo,* Principal Deputy Assistant Attorney General, *David I. Pincus,* Chief, and *G. Robson Stewart,* Assistant Chief, Court of Federal Claims Section, Tax Division, U.S. Department of Justice, Washington, D.C., for Defendant.

OPINION AND ORDER ON
<u>DEFENDANT'S MOTION TO DISMISS</u>

WHEELER, Judge.

      Plaintiff James D. Sullivan filed a *pro se* complaint against the United States in this Court on December 21, 2015. Mr. Sullivan alleges that the Internal Revenue Service ("IRS") wrongly assessed his 2006 taxes and unlawfully seized a payment from him under a federal tax lien to satisfy his tax liability for that year. The official record for Mr. Sullivan's 2006 tax liability reflects an outstanding balance that takes into account credits, payments, interest, and penalties. Mr. Sullivan seeks $45,000 in money damages, the amount levied by the IRS as a result of the tax lien, and also seeks to bar the IRS from collecting on his 2006 taxes.

On March 17, 2016, Defendant filed a motion to dismiss Mr. Sullivan's complaint for lack of subject matter jurisdiction, pursuant to Rule 12(b)(1) of the Court of Federal Claims ("RCFC"). See Def.'s Mot., Dkt. No. 11. The Government contends that: (1) this Court lacks jurisdiction over a tax refund claim because Mr. Sullivan has not fully paid his 2006 taxes and has not filed an administrative refund claim with the IRS; and (2) the complaint fails to identify a money-mandating source of substantive law creating the right for Mr. Sullivan to pursue money damages against the Government in this Court.[1] Upon careful consideration of the parties' contentions, Defendant's motion to dismiss is GRANTED, and Plaintiff's complaint is DISMISSED without prejudice.

## Background[2]

This case centers on taxes the IRS assessed against Mr. Sullivan for various real estate transactions that occurred in 2006. Mr. Sullivan is the sole owner of B&N Properties of Pender, LLC ("B&N"), an entity created to facilitate his real estate transactions in Pender County, North Carolina. Compl. at 1. On June 1, 2006, B&N sold a residence and 1500 acres of land to a Florida company. Id. ¶ 1. Immediately after the sale, Mr. Sullivan's representative filed with the IRS Substitute Form 1099-S, which showed the total amount of the sale and cash receipts paid to Mr. Sullivan as a result of the transaction. Id. ¶ 2, Ex. 2–3.

B&N sold an additional seven lots of land in a concurrent June 1, 2006 closing. Id. ¶ 3. The buyer paid B&N the total amount of the sale, and again, B&N passed proceeds from the real estate transaction to Mr. Sullivan. Id. Between June 14 and September 27, 2006, Mr. Sullivan reinvested the proceeds he received from B&N's June 1 sales and made the following real estate purchases himself: (1) a 40-acre parcel of land; (2) a 2.44-acre parcel of land; and (3) a residence along with 136 acres of land. Id. ¶ 4. Mr. Sullivan failed to file a return for his 2006 taxes during the required filing period. Id. ¶ 5. He presumed that for purposes of income tax, the IRS would treat B&N's sales and his purchases together as a like-kind exchange.[3] Id.

---

[1] Mr. Sullivan also asserted a claim for unlawful seizure in his Complaint, but he withdrew this claim in his Opposition to the Government's motion. See Pl.'s Opp'n at 5, Dkt. No. 26. Therefore, this Opinion does not discuss that claim.

[2] The Court draws the facts in this Background section from Mr. Sullivan's Complaint (Dkt. No. 1). For the purposes of the pending motion, these facts are presumed to be true.

[3] With regard to like-kind exchanges, the Internal Revenue Code states: "No gain or loss shall be recognized on the exchange of property held for productive use in a trade or business or for investment if such property is exchanged solely for property of like kind which is to be held either for productive use in a trade or business or for investment." 26 U.S.C. § 1031.

On September 6, 2010, the IRS prepared a substitute return for Mr. Sullivan's 2006 taxes based on the total amount of proceeds he received from real estate transactions. Id. ¶ 8. The IRS then assessed Mr. Sullivan's 2006 tax liability at $5,217,433, plus interest and penalties, on May 9, 2011. Id. ¶ 9. When the balance for his 2006 taxes went unpaid, the IRS imposed a federal tax lien against Mr. Sullivan on December 23, 2011. Id. ¶ 10. Mr. Sullivan disagreed with the IRS's assessment of his tax liability. Id. ¶ 13. He filed a return for 2006 and sent a $1,932 payment to the IRS on February 16, 2012. Id. & Ex. 10. The IRS audited Mr. Sullivan's return on February 23, 2015 and sent a notice to him reflecting a final assessment of $244,552, plus interest and penalties, for his 2006 tax liability. Id. ¶ 15 & Ex. 17.

Prior to this suit, Mr. Sullivan paid $45,000.00 in escrow to the Pendergrass Law Firm's trust fund to settle an unrelated boundary dispute. Id. ¶ 16. Subsequently, Jim Pendergrass, the escrow agent, learned of the federal tax lien against Mr. Sullivan. Id. On May 21, 2014, Mr. Pendergrass filed an interpleader action in the United States District Court for the Eastern District of North Carolina to compel Mr. Sullivan and the United States to litigate the rightful ownership of the escrow funds. Id. The District Court decided the case in favor of the Government on January 20, 2015, and ordered that the funds be distributed to the United States Treasury. Id. The IRS credited the funds to Mr. Sullivan's account, reducing his 2006 tax liability by $45,000. Id.

Mr. Sullivan still has not paid his 2006 tax liability in full. The official tax record for Mr. Sullivan's taxes shows that he still owes $196,463.82 for the 2006 tax year. Mr. Sullivan requests the following relief from the Court: (1) a tax refund of the $45,000 distributed to the Government by order of the Eastern District of North Carolina; and (2) injunctive relief to prevent the IRS from collecting his outstanding 2006 taxes. Compl. at 1.

## Discussion

The Court of Federal Claims is a court of limited jurisdiction and has a duty to "examine its jurisdiction over every claim." RHI Holdings, Inc. v. United States, 142 F.3d 1459, 1461 (Fed. Cir. 1998). The Court's jurisdiction to render judgment on claims against the United States derives from the Tucker Act. 28 U.S.C. § 1491(a)(1); Flora v. United States, 357 U.S. 63, 70 (1958); Fisher v. United States, 402 F.3d 1167, 1172 (Fed. Cir. 2005). Although the Court has jurisdiction to hear claims for money damages, the Tucker Act itself "does not create a cause of action for those claims." RHI Holdings, 142 F.3d at 1461. Thus, a plaintiff must identify a "separate source of substantive law that creates the right to money damages" in order to invoke this Court's jurisdiction over a claim. Greenlee County, Ariz. v. United States, 487 F.3d 871, 875 (Fed. Cir. 2007) (quoting Fisher, 402 F.3d at 1172)). Absent a money-mandating source of law, a claim for money damages in

this Court is not cognizable under the Tucker Act. See Albemarle Corp. v. United States, 118 Fed. Cl. 549, 556 (2014) (citing United States v. Mitchell, 463 U.S. 206, 216 (1983)); Buser v. United States, 85 Fed. Cl. 248, 255 (2009).

A.    Standard of Review

In reviewing a motion to dismiss, the Court considers the facts alleged in the complaint to be true, drawing all reasonable inferences in the plaintiff's favor. Godwin v. United States, 338 F.3d 1374, 1377 (Fed. Cir. 2003); Hamlet v. United States, 873 F.2d 1414, 1416 (Fed. Cir. 1989).  When the motion to dismiss challenges subject matter jurisdiction, the plaintiff bears the burden of establishing the Court's jurisdiction by a preponderance of the evidence. Schell v. United States, 84 Fed. Cl. 159, 163 (2008) (citing Reynolds v. Army & Air Force Exch. Serv., 846 F.2d 746, 748 (Fed. Cir. 1988)).  Though *pro se* plaintiffs "are held to a less stringent standard than those of litigants represented by counsel," the Court cannot excuse a failure to meet the jurisdictional requirements. Cearley v. United States, 119 Fed. Cl. 340, 343 (2014) (quoting Haines v. Kerner, 404 U.S. 519, 520 (1972)).  If the Court finds that it lacks subject matter jurisdiction over the complaint, it must dismiss the action. Outlaw v. United States, 116 Fed. Cl. 656, 659 (2014) (citing RCFC 12(h)(3)).

B.    The Court Lacks Subject Matter Jurisdiction Because Plaintiff Failed to Pay in Full his 2006 Taxes

Mr. Sullivan's failure to pay in full his 2006 taxes and his failure to file an administrative refund claim with the IRS are fatal to his recovery of money damages in this case.  Section 7422 of the Internal Revenue Code ("IRC") is the money-mandating source of substantive law which grants a taxpayer the right to recover taxes "alleged to have been erroneously or illegally assessed or collected."  26 U.S.C. § 7422(a); see United States v. Clintwood Elkhorn Mining Co., 553 U.S. 1, 7 (2008); Ledford v. United States, 297 F.3d 1378, 1382 (Fed. Cir. 2002); Hebert v. United States, 114 Fed. Cl. 590, 594 (2014).  In order for this Court to exercise jurisdiction over a tax refund claim, the plaintiff "must first satisfy the tax refund schematic detailed in [section 7422]." Waltner v. United States, 98 Fed. Cl. 737, 752 (2011).  The statute requires that the plaintiff fully pay the assessed taxes for the year in question and file an administrative refund claim with the IRS prior to initiating an action in court. Flora, 357 U.S. at 70.  Together, the two requirements constitute "a condition precedent to a resort to the courts by the party against whom the tax is assessed." Id. at 68 (quoting Cheatham v. United States, 92 U.S. 85 (1875)).  The failure to satisfy the full payment requirement alone requires the Court to dismiss a plaintiff's tax refund claim.  See Ledford v. United States, 297 F.3d 1378, 1382 (Fed. Cir. 2002) ("[P]ayment of the assessed taxes in full is a prerequisite to bringing a refund claim.").

Mr. Sullivan owed taxes for 2006 when he filed his complaint in this Court. The complaint does not mention Section 7422 as the money-mandating statute creating the right for Mr. Sullivan to recover the damages he seeks in this suit. Further, even if his allegations did constitute a claim for a tax refund, Mr. Sullivan does not allege that he fully paid the assessed tax liability. Therefore, the Court must dismiss the tax refund claim for lack of subject matter jurisdiction.[4]

###### C.    The Court Cannot Grant Injunctive Relief in a Tax Case

As a final matter, the Court must reject Mr. Sullivan's request for injunctive relief. This Court does not have statutory authority to enjoin the IRS from assessing or collecting Mr. Sullivan's 2006 taxes. In the context of tax refund suits, the Court's subject matter jurisdiction is limited by the IRC. RadioShack Corp. v. United States, 566 F.3d 1358, 1360–61 (Fed. Cir. 2009) (citing Clintwood Elkhorn, 553 U.S. at 7). As relevant here, the IRC states that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person." 26 U.S.C. § 7421(a); see Ledford, 297 F.3d at 1381 ("[N]o statutory authority exists that would grant the Court of Federal Claims the power to enjoin an IRS collection proceeding."). Injunctive relief granted to Mr. Sullivan would restrain the IRS from collecting the balance he owes on his 2006 taxes. Therefore, the Court lacks subject matter jurisdiction to grant Mr. Sullivan the injunction that he seeks in this action.

###### Conclusion

For the reasons stated above, the Court does not have subject matter jurisdiction over any of Mr. Sullivan's claims. Defendant's motion to dismiss under Rule 12(b)(1) is therefore GRANTED, and the clerk is instructed to DISMISS Plaintiff's complaint without prejudice.

IT IS SO ORDERED.

_Thomas C. Wheeler_
THOMAS C. WHEELER
Judge

---

[4] Because Mr. Sullivan has not paid his taxes, his requests to toll the statute of limitations and for other equitable relief also must fail. In the absence of a money judgment against the United States, this Court has no jurisdiction over such claims. See Nat'l Air Traffic Controllers Ass'n v. United States, 160 F.3d 714, 716–17 (Fed. Cir. 1998) (declining to grant equitable relief where Plaintiff had stated no claim for monetary damages).